# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JESSICA LYNN TRAN,<br><br>　　　　Defendant. | No. CR12-4009-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On February 22, 2012, a Superseding Indictment was returned against defendant Jessica Lynn Tran, charging her with possessing marijuana with intent to distribute within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 860, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On April 26, 2012, Tran filed a Motion to Suppress which she amended on May 3, 2012. In her motion, Tran seeks to suppress evidence obtained from her residence following the execution of search warrant. The prosecution filed a timely resistance to Tran's motion.

Tran's Motion to Suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing, and then filed a Report and Recommendation in which he recommends Tran's Motion to Suppress be denied. Judge Zoss concluded that the police had the right to enter Tran's residence to arrest her boyfriend, Gene Boykin. Judge Zoss further found that the police observed in plain sight a gun and drugs while arresting Boykin.. Therefore, Judge

Zoss concluded that the search of Tran's home did not violate the Fourth Amendment and the evidence resulting from that search should not be suppressed. Neither the prosecution nor Tran have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district

court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Zoss's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Zoss's Report and Recommendation and orders that defendant Tran's Motion to Suppress is **denied**.

**IT IS SO ORDERED.**

**DATED** this 18th day of July, 2012.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA